IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ELIZABETH M. PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:02-CV-0336 |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff ELIZABETH M. PHILLIPS, brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability, and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

On September 27, 2000, plaintiff applied for disability insurance benefits (DIB) and widow's insurance benefits pursuant to Titles II and XVIII of the Social Security Act, as well as supplemental security income (SSI) benefits pursuant to Title XVI of the Social Security Act. (Transcript [hereinafter Tr.] 77-79, 367-370, 383-385). Plaintiff alleges she became disabled on

October 9, 1998. (Tr. 77).[1] Plaintiff has averred she suffers from a combination of impairments including radiculopathy, psoriatic arthritis, osteoarthritis and fibromyalgia. (Plaintiff's Brief at 4). Plaintiff was born August 2, 1946 (Tr. 26, 77), and possesses a high school diploma and at the time of the administrative hearing, was one semester away form receiving her bachelor's degree. (Tr. 27-28). Plaintiff's past relevant work includes work as a travel agent and licensed vocational nurse. (Tr. 12).

Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on April 8, 2002. (Tr. 22-54). On July 18, 2002, ALJ William F. Nail, Jr. rendered an unfavorable decision, finding plaintiff not entitled to benefits at any time relevant to the decision. (Tr. 8-19). The ALJ determined plaintiff had the medically determinable impairments of "degenerative cervical and thoracic disc disease, cervical radiculopathy, ostoarthritis, fibromyalgia, and psoriatic arthritis," and that while such impairments were "severe," they did "not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. 13, 18). The ALJ further found, "The claimant's allegations regarding her limitations are not totally credible...." (Tr. 18). The ALJ found plaintiff could not return to the work she had performed in the past, but determined she retained the residual functional capacity [RFC] to perform a limited range of light work consistent with the ALJ's hypothetical posed to the Vocational Expert [VE]. (*Id.*). Examples of such jobs included light semi-skilled and skilled jobs as a *supervisor of volunteer services*, 9,150 jobs regionally and 125,602 jobs nationally; a *management aide*, 9,150 jobs regionally and 125,602 jobs nationally; a *companion*, 85,050 jobs regionally and 420,273 jobs nationally; and a *unit clerk*, 259,750 jobs

---

[1] In plaintiff's application for SSI benefits, she has listed October 1, 1998 as the onset date of her condition. (Tr. 367). In her DIB application, such date is cited as October 9, 1998. Both parties as well as the ALJ have cited the October 9, 1998 date.

regionally and 3.3 million jobs nationally. (Tr. 17) The ALJ thus concluded plaintiff was not under a disability at any time through the date of his decision. (Tr. 19).

Upon the Appeals Council's denial of plaintiff's request for review on October 11, 2002, the ALJ's determination that plaintiff was not under a disability became the final decision of the Commissioner. (Tr. 5-6). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical

evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision.

### III.
### ISSUES

The ALJ made the determination that plaintiff is not disabled at Step Five of the five-step sequential analysis. Therefore, this Court is limited to reviewing only whether there was substantial evidence in the record as a whole supporting a finding that plaintiff retained the ability to perform other work that exists in significant numbers in the national economy, and whether the proper legal standards were applied in reaching this decision. To this extent, plaintiff presents the following issue:

> The Commissioner's decision that Ms. Phillips was not disabled was not supported by substantial evidence in that the ALJ failed to demonstrate at the fifth step of the sequential process that there is other work in the regional or national economy that Ms. Phillips can perform despite her impairments.

### IV.
### MERITS

With respect to the general issue set forth above, plaintiff has more specifically argued the ALJ erred in finding plaintiff capable of performing a modified level of light work, in light of his finding she could not return to her past relevant work as a travel agent, a sedentary job, and by finding she retained skills that were readily transferable to other jobs without identifying such

skills.

### A.
### Light Work Versus Sedentary Work

Plaintiff takes issue with the ALJ's determination that although plaintiff could not return to her past relevant work as a travel agent, a sedentary job, she was capable of performing a limited range of light work. Plaintiff argues that since the ALJ determined she could not return to her past relevant work which was sedentary in nature, it makes little sense that he could then determine plaintiff was capable of light work, a more strenuous work. (Plaintiff's Brief at 10). On its face, this is a logical argument. However, under the facts and circumstances of this case, the ALJ's finding was not reversible. In his decision, the ALJ merely stated he gave, "the claimant the benefit of the doubt and find that she cannot perform her past relevant work, including that as a travel agent, because of her impairments." (Tr. 16). It appears the ALJ gave plaintiff the benefit of the doubt that she could not return to the sedentary position of travel agent as she previously performed it. An individual's past relevant work, however, may be the job as she actually performed it or as it is generally performed in the economy. *Hernandez v. Massanari,* 2001 WL 1568767 *4 (N.D.Tex.) citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). At the hearing, the VE testified, based upon the ALJ's hypothetical RFC, that such a person <u>would</u> be capable of performing the past relevant work of travel agent. (Defendant's Brief at 7, Tr. 47). Consequently, the ALJ could arguably have stopped his analysis at this point (Step Four). Instead, he opted to further question the VE to determine whether other jobs existed in the economy in significant numbers which plaintiff was capable of performing. If any error occurred by the ALJ not stopping at Step Four, such error was to the benefit of plaintiff.

Following the finding at Step Four, the ALJ posited a hypothetical. The hypothetical

posed by the ALJ, as articulated by the VE, was a combination of light and sedentary characteristics. (Tr. 47). The hypothetical as stated was,

> [T]his individual is limited as follows. Maximum of lifting and carrying, 20 pounds. This individual is not restricted in the amount of hours during the day that she could sit, but needs to be able to get up for a minute or two at least once an hour. In terms of standing and walking, limited to about four hours per day, but not all at one time. Not having to stand over 20, 30 minutes at a time.

(Tr. 46). Both parties have cited to the medical opinion of plaintiff's treating physician Dr. M.E. Thurmond-Anderle who on May 25, 2001 opined plaintiff could lift under 20 pounds, could carry 20 pounds or less, could not stand and/or for more than four hours, but had no limitations on her ability to sit. (Tr. 215). This medical opinion appears to the Court to be consistent, if not identical, to the hypothetical. This hypothetical, based directly on the findings of plaintiff's treating physician, combined with the VE testimony, constitutes a sufficient substantial evidence basis, as that term is defined in the Code, to support the ALJ's finding of not disabled. Plaintiff's claim must fail.

### Transferable Skills

Plaintiff next alleges the ALJ erred when he failed to identify skills that were readily transferrable to other jobs. (Plaintiff's Brief at 10). Defendant responds arguing the regulations only require that to find transferability of skills for a person of advanced age, who is limited to sedentary or light work, there must be little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (Defendant's Brief at 8 citing 20 C.F.R. § 404.1568(d)(4) (2001). Social Security Ruling 82-41 indicates the term "very little vocational adjustment" means that the skills obtained in the past work are so closely related to the jobs identified that the individual can be expected to perform these other jobs at a high degree of

proficiency with a minimal amount of job orientation. (Defendant's Brief at 8 citing Social Security Ruling [SSR] 82-41). At the hearing, the VE testified in response to questioning by plaintiff's attorney, as follows:

> Q: After age 55, and I'm reading from the CFR here, there must be very little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry. Adding that to your definition of transferable skills, would the claimant have any transferable skills to the two jobs that you've just identified?
>
> A: If I understand your hypothetical, you're asking me whether these two occupations [supervisor, voluntary services and management aid, (Tr. 49)] require more than, more than minimal degree of adjustment from the tool and material and so forth?
>
> Q: Correct.
>
> A: I don't believe that they would. I don't believe that they would require more than minimal.

(Tr. 50). The Court further notes defendant's reference to *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) *citing Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) which states, "...[T]he value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." The ALJ properly relied on the testimony of the VE in this regard. As such, petitioner's claim fails.

V.
RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be AFFIRMED.

VI.
INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to plaintiff's attorney of record and to the Assistant United States Attorney by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of February 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).